IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARTIN JOSEPH JACOBS                                         PLAINTIFF

V.                                    NO.  4:07CV00615 SWW-JWC

PULASKI COUNTY JAIL                                          DEFENDANT

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**I.  Instructions**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR  72201-3325

## II.  Recommended Disposition

On July 9, 2007, Plaintiff, a pro se pretrial detainee who at the time was confined to the Pulaski County Jail, filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1).  On July 20, 2007, Plaintiff filed a motion for appointment of counsel (docket entry #4).  It has come to the Court's attention that Plaintiff is no longer incarcerated in the Pulaski County Jail (see docket entry #5, notice of change of address). Because it is unclear whether Plaintiff is currently entitled to proceed in forma pauperis, and since he has made no showing of indigency since his release from confinement, his original motion should be denied as moot.

Plaintiff has named the Pulaski County Jail as the sole Defendant and has brought suit against the jail in an official capacity only.  According to his complaint, he was housed in a condemned unit of the jail which contained asbestos in the ceiling tile, utility room, around the pipes, and in the floor tile which had been scraped up.  Plaintiff alleges that the ceiling was old and leaking, he became sick on March 7, 2007, through April 15, 2007,

when he was moved out of the unit, and that he is still sick.  In order to bring a viable §

1983 action, Plaintiff must name as a defendant an entity that is subject to being sued.

The Pulaski County Jail is not an entity amenable to suit.  A county jail is not a proper entity

to sue under § 1983.  Russell v. Mobile County Sheriff, No. CIV. A. 00-0410CBC, 2000 WL

1848470, at *2 (S.D. Ala., Nov. 20, 2000) (a subdivision of a sheriff's department, such as

the jail, is not a legal entity that can be sued); Marsden v. Fed. Bhd. of Police, 856 F. Supp.

832, 836 (S.D.N.Y. 1994) (stating same); see also Ketchum v. City of West Memphis, 974

F.2d 81, 82 (8th Cir. 1992) (police department is not suable entity, but rather is department

or subdivision of city government).

Section 1983 authorizes imposition of liability against any person, who, acting under

color of state law, subjects a citizen to deprivation of his federal rights.  The term "person"

in § 1983 encompasses state and local officials sued in their individual capacities, private

individuals and entities acting under color of state law, and local entities and their officials

sued in their official capacities.  Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).

Because the term "person" does not encompass a county jail, Plaintiff's claim against the

Pulaski County Jail cannot survive.

In addition, Plaintiff has sued the jail in an official capacity only.  Public officials may

be sued under § 1983 in either their official or individual capacity, or both.  Johnson v.

Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999).  To sue a public official in his

individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings,

otherwise it will be assumed that the defendant is being sued only in an official capacity.

Id.  As relief, Plaintiff seeks to "hold the Pulaski County Jail accountable for the[i]r actions"

in an official capacity only.  The Court assumes that Plaintiff will also seek money damages

at some point.  The Eleventh Amendment bars a citizen from bringing suit in federal court against a state, a state agency, or a state official sued in his official capacity for monetary damages which must be paid from public funds in the state treasury.  <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 66 (1989); <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984); <u>Barnes v. State of Missouri</u>, 960 F.2d 63, 64 (8th Cir. 1992) (per curiam); <u>Nix v. Norman</u>, 879 F.2d 429, 431-32 (8th Cir. 1989).  However, a state official may nevertheless be sued in an individual capacity for action taken in an official capacity and such a claim is <u>not</u> barred by the Eleventh Amendment.  <u>Hafer v. Melo</u>, 502 U.S. 21, 25 (1991).  Only two exceptions exist to Eleventh Amendment immunity: (1) "where Congress has statutorily abrogated such immunity by 'clear and unmistakable language,'" or (2) where a state has waived its immunity to suit in federal court, but "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction."  <u>Barnes</u>, 960 F.2d at 64-65 (citing <u>Welch v. Texas Dep't of Highways & Pub. Transp.</u>, 483 U.S. 468, 473-74 (1987)).  Neither exception is applicable to Plaintiff's case.  <u>See</u> <u>Will</u>, 491 U.S. at 66.

### III.  Conclusion

For the reasons explained herein, IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's case be DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE.

2.      All pending motions be DENIED AS MOOT.

DATED this 31st day of July, 2007.

_____
UNITED STATES MAGISTRATE JUDGE